**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

J. DANIEL LUGOSCH, III; ROBERT L. UNGERER; JOHN A.
BERSANI; EDWARD A. KELLOGG; JOHN C. CHARTERS;
PETER C. STEINGRABER; RICHARD K. ASKIN; WILLIAM
TAPELLA,

                Plaintiffs

      - v -                    Civ. No. 1:00-CV-0784
                                      (NAM/RFT)

ROBERT J. CONGEL, individually and as General Partner of
Woodchuck Hill Assoc., Riesling Assoc., Madeira Assoc., and
Moselle Assoc.; PYRAMID COMPANY OF ONONDAGA;
EKLECCO, L.L.C.; WOODCHUCK HILL ASSOC.; RIESLING
ASSOC.; MADEIRA ASSOC.; MOSELLE ASSOC. JAMES A.
TUOZZOLO; ROBERT BRVENIK; MARC A. MALFITANO;
SCOTT R. CONGEL,

                Defendants.

IN RE THE HERALD COMPANY and CAPITAL NEWSPAPERS
DIVISION OF THE HEARST CORPORATION,

                Proposed Intervenors.

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

## ORDER

      Currently pending before this Court is an application, via an Order to Show Cause, by The Herald Company, publisher of <u>The Syracuse Post-Standard</u>, and Capital Newspapers Division of the Hearst Corporation, publisher of the <u>Albany Times Union</u>, ("Proposed Intervenors" or "Newspapers") to intervene in the above captioned action for the limited purpose of obtaining access to various documents Defendants submitted in support of their Motion for Summary Judgment, which, in accordance with the terms of a Confidentiality Order signed by the Court, were

filed with the Clerk of the Court under seal. Essentially, by their Motion, the Proposed Intervenors seek a modification of the Confidentiality Order signed by the Honorable Ralph W. Smith, retired United States Magistrate Judge, on March 14, 2001. Dkt. No. 55. The Defendants' Motion for Summary Judgment, which is the focal point of the Intervention Motion, is presently pending before the Honorable Norman A. Mordue, United States District Judge. According to the Docket Report, the matter is now fully briefed and oral arguments have been scheduled for May 20, 2005, in Syracuse, New York, before Judge Mordue. *See* Text Notice, signed by Judge Mordue on March 25, 2005.

On July 20, 2004, Judge Mordue referred the Proposed Intervenors' Order to Show Cause, and intervention issues raised therein, to this Court for report-recommendation. Dkt. No. 377. The Proposed Intervenors seek to have this Court issue a report-recommendation now, and threatens a mandamus proceeding if we fail to abide by their dictates. *See* Dkt. No. 403, Michael J. Grygiel, Esq., Lt., dated Apr. 12, 2005.

Though the newspapers fail to specify, presumably, their Intervention Motion is based upon the public's right of access under both the common law right of access and the constitutional right pursuant to the First Amendment. Regardless of which right is being asserted, it is clear that such rights of access only attach to "judicial documents." In considering the definition of a judicial document, the Second Circuit stated:

> We think that the **mere filing** of a paper or document with the court is **insufficient** to render that paper a judicial document subject to the right of public access. We think that the item filed **must be relevant to the performance of the judicial function and useful in the judicial process** in order for it to be designated a judicial document.

*United States v. Amodeo*, 44 F.3d 141, at 145-46 (2d Cir. 1995) (emphasis added); *see also SEC v. theStreet.com*, 273 F.3d 222, 231 (2d Cir. 2001) (citing *Amodeo*).

In our case, the documents at issue in the Intervention Motion have not yet been utilized in an Article III function. The mere filing of a document with the court is insufficient to render the documents "judicial documents" to which the public's right of access would apply. *Amodeo*, 44 F.3d at 145-46. Since Judge Mordue has not issued a decision on the Defendants' Summary Judgment Motion, the documents at issue, while possibly <u>relevant</u> to the performance of a judicial function, have not yet been shown to be <u>useful</u> in the judicial process. *See id*; *see also United States v. Graham*, 257 F.3d 143, 151 (2d Cir. 2001) (explaining that judicial documents are materials a court relies on in determining a litigant's substantive rights); *United States v. Lawrence*, 167 F. Supp. 2d 504, 509 (N.D.N.Y. 2001) (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995), and stating that the weight given to access is governed by how <u>pivotal</u> the document was to the exercise of an Article III power); *Kamyr AB v. Kamyr, Inc.*, 1992 WL 317529, at * 10 (N.D.N.Y. Oct. 30, 1992) (denying intervention request as to summary judgment documents filed under seal as premature with leave to renew "as it becomes apparent that the court has reviewed and relied upon sealed documents contained in the court record in arriving at a judicial determination").

Thus, this Court finds that any recommendation to the District Judge as to a resolution of the Intervenors' Motion at this time would be premature. When it is clear that the documents at issue are relevant and, more importantly, useful to the performance of a judicial function, this Court will forthwith issue our recommendation to the District Judge as to the resolution of the Intervention Motion. *United States v. Graham*, 257 F.3d at 151 (noting that the "presumption of access to documents that do not serve as the basis for a substantive determination - such as documents submitted on a motion for summary judgment which is denied, thus leaving a decision on the merits

for another day - is appreciably weaker[]").[1]

WHEREFORE, after due consideration, it is hereby

ORDERED, that the Newspapers' Motion for Intervention/Order to Show Cause (Dkt. No. 356, Proposed Order to Show Cause; Dkt. No. 380, Order granting Application for Order to Show Cause) shall be held in abeyance pending Judge Mordue's determination of the Defendants' Summary Judgment Motion.

SO ORDERED.

Date: April 15, 2005
      Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge

---

[1] The Court wishes to make this Order clear so there is no misconstruction. The issue this Order seeks to address is not the review process to determine access to judicial documents, but when is the appropriate moment to commence such review. *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995); *SEC v. theStreet.com*, 273 F.3d 222 (2d Cir. 2001).