**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

J. DANIEL LUGOSCH, III; ROBERT L. UNGERER; JOHN A.
BERSANI; EDWARD A. KELLOGG; JOHN C. CHARTERS;
PETER C. STEINGRABER; RICHARD K. ASKIN; WILLIAM
TAPELLA,

                        Plaintiffs

        - v -                          Civ. No. 1:00-CV-0784
                                              (NAM/RFT)


ROBERT J. CONGEL, individually and as General Partner of
Woodchuck Hill Assoc., Riesling Assoc., Madeira Assoc., and
Moselle Assoc.; PYRAMID COMPANY OF ONONDAGA;
EKLECCO, L.L.C.; WOODCHUCK HILL ASSOC.; RIESLING
ASSOC.; MADEIRA ASSOC.; MOSELLE ASSOC. JAMES A.
TUOZZOLO; ROBERT BRVENIK; MARC A. MALFITANO;
SCOTT R. CONGEL,

                        Defendants.


IN RE THE HERALD COMPANY and CAPITAL NEWSPAPERS
DIVISION OF THE HEARST CORPORATION,

                        Proposed Intervenors.


**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

                        <u>**ORDER**</u>

        On February 9, 2006, this Court held a Hearing in this matter on the record to address the

provisional sealing of certain documents in connection with the Proposed Intervenors' Motion to

Intervene, which was referred to this Court by the Honorable Norman A. Mordue.  The documents

at issue during this Hearing were:

        a) Plaintiff's Memorandum of Law in Opposition to (1) Defendants' Claim of Privilege,
        and/or Work Product Protection over the Subject Documents, and (2) Defendants'
        Motion to Strike the Subject Documents Based Upon Inadmissibility;

b) Declaration of Jeffrey S. Shelly, Esq., with Exhibits 1-12;
c) Defendants' Memorandum of Law in Support of the Continued Sealing of the Documents Identified in Defendants' Log of Privileged Materials;
d) Declaration of James Tuozzolo;
e) Declaration of Michael P. Shanley; and
f) Declaration of Marc Malfitano.

Each of the above documents were either filed under seal or submitted to the Court for *in camera* review in accordance with this Court's January 20th and 30th, 2006 Orders.  Dkt. Nos. 430 & 440. After reviewing the above documents and having heard all parties and Proposed Intervenors on the matter, the Court finds that some of the information contained in the above documents should be made available for public review.  In accordance with *In re New York Times Co.*, 828 F.2d 110, this Court made "specific, on the record findings . . . demonstrating that [sealing] is essential to preserve higher values and is narrowly tailored to serve that interest."  828 F.2d 110, 116 (internal quotation marks and citations omitted).  Those findings and rulings are summarized as follows.

**Plaintiffs' Memorandum of Law**

The Court finds that pages one (1) through the top portion of page ten (10), just above subsection (a), and the bottom portion of page eighteen (18), beginning with Part II through page twenty-two (22) contain discussions of law without reference to privilege documents and such pages shall be made available for public viewing.  The Court finds that beginning with subsection (a) on page ten (10) through page eighteen (18), up to Part II, contain discussions of confidential information and shall remain under seal to preserve the higher value of protecting any privileged information discussed therein.

**Jeff Shelly Declaration and Exhibits**

The entire Declaration with Exhibits shall be made available for public viewing.

**Defendants' Memorandum of Law**

The Court finds that pages one (1) through the top portion of page seven (7), just above Part II, and pages twenty-three (23), beginning with Part III through page thirty (30) and Exhibit A shall be made available for public viewing.  Page seven (7), commencing with Part II, through page twenty-three (23), just above Part III, contain discussions of privileged information and shall remain under seal in order to preserve such privileges.

**Malfitano Declaration**

Paragraphs one (1) through twenty-four (24), the first two sentences of paragraph twenty-five (25), the first sentence of paragraph twenty-six (26), the first sentence of paragraph twenty-seven (27), paragraph twenty-eight (28), the first sentence of paragraph twenty-nine (29), paragraph thirty-five (35), the first three sentences of paragraph thirty-six (36), and paragraph thirty-seven shall be made available for public viewing.  The following portions contain specific factual discussions of the attorney-client privilege and shall remain under seal:  Paragraph twenty-five (25) subsections (a) through (h), the last sentence of paragraph twenty-six (26) and subsection (a), the last sentence of paragraph twenty-seven (27), the last sentence of paragraph twenty-nine (29) and subsections (a) through (c), paragraphs thirty (30) through thirty-four (34), paragraph thirty-six (36) subsection (a), and paragraph thirty-eight.

Additionally, this Declaration shall be served on Plaintiffs as to portions of the Declaration which deal with privileges held by Plaintiffs, with the exception of the privilege claim by PMG and Madeira Associates.  The Court notes that by sharing this information with Plaintiffs, who as partners share in some of the privileges, Defendants are not waiving any privilege by virtue of this direction.  Plaintiffs however are not precluded from raising the argument that they have the right as holders of the privilege to unilaterally waive the privilege.

**Shanley Declaration**

The Court finds that paragraphs one (1) through nine (9) shall be made available for public viewing, while paragraphs ten (10) through sixteen (16) contain specific discussions of the attorney-client privilege and shall remain under seal.

Additionally, this Declaration shall be served on Plaintiffs as to portions of the Declaration which deal with privileges held by Plaintiffs, with the exception of the privilege claim by PMG and Madeira Associates. The Court notes that by sharing this information with Plaintiffs, who as partners share in some of the privileges, Defendants are not waiving any privilege by virtue of this direction. Plaintiffs however are not precluded from raising the argument that they have the right as holders of the privilege to unilaterally waive the privilege.

**Tuozzolo Declaration**

The Court finds that paragraphs one (1) through four (4) shall be made available for public viewing, while paragraphs five (5) through eight (8) contain specific discussions of attorney-client privilege and shall remain under seal.

Additionally, this Declaration shall be served on Plaintiffs as to portions of the Declaration which deal with privileges held by Plaintiffs, with the exception of the privilege claim by PMG and Madeira Associates. The Court notes that by sharing this information with Plaintiffs, who as partners share in some of the privileges, Defendants are not waiving any privilege by virtue of this direction. Plaintiffs however are not precluded from raising the argument that they have the right as holders of the privilege to unilaterally waive the privilege.

**Service Deadlines**

The parties shall electronically file with the Clerk of the Court redacted versions of the above documents no later than Friday, February 10, 2006.  Hard copies of same shall be mailed to all parties, Proposed Intervenors, and the Court to be received no later than Monday, February 11, 2006.  Reply papers, to the extent that they do not include factual discussions that relate to the attorney-client privilege, shall be electronically filed with the Clerk of the Court, with hard copies sent to Chambers, no later than Wednesday, February 15, 2006.  If indeed there are factual discussions relating to the attorney-client privilege, then such portions shall be filed under seal.

SO ORDERED.

Date:   February 9, 2006
        Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge

-5-