UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**J. DANIEL LUGOSCH, III; ROBERT L. UNGERER; JOHN A. BERSANI; EDWARD A. KELLOGG; JOHN C. CHARTERS; PETER C. STEINGRABER; RICHARD K. ASKIN; and WILLIAM TAPELLA,**

       **Plaintiffs,**

  -v.-                  1:00-CV-0784

**ROBERT J. CONGEL, individually and as General Partner of Woodchuck Hill Associates, Riesling Associates, Madeira Associates, and Moselle Associates; PYRAMID COMPANY OF ONONDAGA; EKLECCO L.L.C.; JAMES A. TUOZZOLO; ROBERT BRVENIK; MARC A. MALFITANO; WOODCHUCK HILL ASSOCIATES; RIESLING ASSOCIATES; MADEIRA ASSOCIATES; MOSELLE ASSOCIATES; and SCOTT R. CONGEL.**

       **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**IN RE THE HERALD COMPANY AND CAPITAL NEWSPAPERS DIVISION OF THE HEARST CORPORATION,**

       **Intervenors.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

| APPEARANCES: | OF COUNSEL |
|---|---|
| BOIES, SCHILLER & FLEXNER, LLP<br>100 State Street<br>Albany, New York 12207<br>and | MICHAEL ENDLER, ESQ.<br>JEFFREY S. SHELLY, ESQ. |
| GREEN, SEIFTER LAW FIRM<br>900 One Lincoln Center<br>Syracuse, New York 13202<br>and | DANIEL FRENCH, ESQ. |
| OFFICE OF DONALD T. KINSELLA<br>90 State Street, Suite 1440<br>Albany, New York 12207<br>Attorneys for Plaintiffs | DONALD T. KINSELLA, ESQ. |
| GOODWIN PROCTER, LLP<br>Exchange Place<br>Boston, Massachusetts 02109<br>and | PAUL R. WARE, JR., P.C.<br>ANTHONY S. FIOTTO, ESQ.<br>CHRISTOPHER D. MOORE, ESQ.<br>KAI W. LYMAN, ESQ. |

ISEMAN, CUNNINGHAM, RIESTER & HYDE, LLP    MICHAEL J. CUNNINGHAM, ESQ.
9 Thurlow Terrace
Albany, New York 12203
and
MACKENZIE HUGHES, LLP    STEPHEN T. HELMER, ESQ.
101 South Salina Street
P.O. Box 4967
Syracuse, New York 13221
Attorneys for Defendants Robert J. Congel,
Woodchuck Hill Associates, Riesling
Associates, Madeira Associates, Moselle Associates,
and James Tuozzolo

WINSTON & STRAWN    JAMES E. SHARP, ESQ.
1700 K Street, N.W.    GORDON COFFEE, ESQ.
Washington, D.C. 20005    KRISTA ENNS, ESQ.
and
DADD AND NELSON    ERIC T. DADD, ESQ.
11 Exchange Street
P.O. Box 238
Attica, New York 14011
Attorneys for Defendants Pyramid Company of
Onondaga and EklecCo

KING & SPALDING    EDWARD G. KEHOE, ESQ.
1185 Avenue of the Americas
New York, New York 10036
and
KING & SPALDING    JOHN BRAY, ESQ.
1730 Pennsylvania Avenue    MICHAEL J. CIATTI, ESQ.
N.W. Washington, D.C. 20006
Attorneys for Defendants Marc A. Malfitano
and Robert Brvenik

KIRKLAND & ELLIS    JAMES P. GILLESPIE, ESQ.
655 Fifteenth Street, N.W.    REBECCA R. ANZIDEI, ESQ.
Suite 1200
Washington, D.C. 20005
and
COSTELLO, COONEY & FEARON, LLP    EDWARD G. MELVIN, ESQ.
Salina Place, 205 South Salina Street    ROBERT SMITH, ESQ.
Syracuse, New York 13202
Attorneys for Defendant Scott R. Congel

HISCOCK, BARCLAY LAW FIRM    MICHAEL J. GRYGIEL, ESQ.
Fifth Floor
50 Beaver Street
Albany, New York 12207-2830
Attorneys for Intervenors

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

By Order to Show Cause signed August 4, 2006 (Dkt. No. 499), plaintiffs move to compel defendants to supplement their document production. This action was commenced on May 22, 2000. "Plaintiffs' First Request for the Production of Documents to Robert J. Congel" is dated July 21, 2000 ("July 21, 2000 request"). Defendants' initial response is dated April 12, 2001. Discovery closed on October 14, 2003.

The discovery demand now in issue was sent by plaintiffs' counsel Michael Endler, Esq. to defendants' counsel Paul F. Ware, Esq. by e-mail on June 23, 2006. At that time, trial was scheduled for October 3, 2006; it was later rescheduled to January 15, 2007.

Plaintiffs advance two grounds for their present demand for supplementary discovery responses. First, they contend that they are entitled to such discovery by virtue of the language in their July 21, 2000 request. They argue that the request required ongoing supplementation and that, inasmuch as defendants produced documents in the requested categories up to 2001, they can have no basis to object to producing post-2001 documents in the same categories. Second, plaintiffs rely on the general duty to supplement or amend disclosure under Fed. R. Civ. P. 26(e).

The pertinent language in plaintiffs' July 21, 2000 request for production of documents is as follows:

> Plaintiffs ... propound the following First Request for the Production of Documents ("First Request") to Defendant Robert J. Congel. The responses are due within thirty (30) days after service of this First Request and Defendant Robert J. Congel is requested to permit Plaintiffs' attorneys and agents to inspect and copy, or cause to be copied, those documents which are in Robert J. Congel's possession, custody or control. The production of those documents for such inspection and copying shall occur on or before August 20, 2000 at 12:00 noon in the offices of Plaintiffs' attorneys....
> ***
> 4. Unless otherwise indicated, the time period covered by these Requests is January 1, 1990 through and including the date of the response hereto.
> ***
> 17. This First Request is deemed to be continuing. If, after producing these documents, you obtain or become aware of any further information, documents, things, or information

-3-

[*sic*] responsive to this First Request, you are required to so state by supplementing your responses and producing such additional documents to Defendant [*sic*].

A plain reading of paragraph 4 establishes that the time period covered by the July 21, 2000 request ran from January 1, 1990, until the date that defendants provided the documents demanded. Once defendants responded, their obligation under the July 21, 2000 request was fulfilled, unless they later found other documents which should have been included in the initial response. Paragraph 4 cannot reasonably be read as contemplating a response time which would extend indefinitely into the future and would require repeated responses updating the prior ones with subsequently-created documents. The Court's reading of paragraph 4 is consistent with the introductory paragraph of the July 21, 2000 request, which clearly contemplates a finite period of production and a single response date.

Plaintiffs contend, however, that when paragraph 4 is read in conjunction with paragraph 17, the response date referred to in paragraph 4 means "any date that Defendants have a responsive document to produce, right up to the present." Paragraph 17 does not aid plaintiffs; to the contrary, read in context, it simply concerns documents which pertain to the finite time period covered by the request, and which should have been produced on the response date along with the other responsive documents. Nothing in paragraph 17 supports plaintiffs' contention that, after having responded in full, defendants were required to review all subsequently-created documents and provide updated responses repeatedly until the time of trial.

The Court's reading of plaintiffs' July 21, 2000 request is consistent with Rule 26(e) of the Federal Rules of Civil Procedure.[1] Rule 26(e) requires a party who has responded to a request

---

[1] Fed. R. Civ. P. 26(e) provides:

Supplementation of Disclosures and Responses. A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is

-4-

for production to supplement or correct that response to include later-acquired information if that party learns that "in some material respect the information disclosed is incomplete or incorrect[.]" Rule 26(e) requires supplementation or amendment for the purpose of completing or correcting a prior response by producing later-acquired information which pertains to the time period covered by the request, and which thus should have been produced with the prior response. Rule 26(e) does not create an ongoing obligation to update the response by providing later-created documents pertaining to a time period not covered by the request. The existence of such documents simply does not render the prior response incomplete or incorrect. *See Hnot v. Willis Group Holdings Ltd*, 2006 WL 2381869, *5 (S.D.N.Y.) (stating that, where defendants complied with plaintiffs' request for information through December 31, 2001, defendants are only obligated to amend their responses "to the extent they learn of gaps or errors" in the pre-2002 information they provided; defendants have no duty to produce post-2001 information, "for which there was never any enforceable request for production (or corresponding duty to disclose) in the first place."); *see also Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers, LLP*, 2006 WL 1295409, *2 (S.D.N.Y.) ("Subsequently created documents do not render a previously served

---

> under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> > (1) A party is under a duty to supplement at appropriate intervals its disclosures ... if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. ***
> >
> > (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

-5-

document response incomplete[.]"); *cf. Allen v. Colgate-Palmolive Co.*, 1985 WL 191 (S.D.N.Y.) (holding that Rule 26(e)(2) imposed on defendant a continuing obligation to produce a relevant document created during the discovery period; defendant should have produced the document in its response to plaintiff's request to produce, and defendant's failure to do so rendered its response incorrect). Accordingly, the "supplemental" disclosure now sought by plaintiffs is not required either by the July 21, 2000 request or by Rule 26(e).

In any event, plaintiffs have waived any possible right to the disputed disclosure by their dilatory conduct. The record reflects no effort by plaintiffs to pursue this discovery until June 23, 2006, after the trial date was set, and more than two and a half years after the close of discovery. Plaintiffs offer no justification for this delay. Plaintiffs cannot reasonably argue that they only recently learned of the existence of the documents sought; rather, they claim to have been entitled to them throughout the pretrial period, and they surely must have been aware that they had not received them.

The Court concludes that plaintiffs are not entitled to the disclosure which they now seek. In view of this conclusion, there is no need to consider the effect of the May 7, 2003 letter-agreement.

It is therefore

ORDERED that plaintiffs' motion to compel defendants to supplement their document production (Dkt. No., 497), brought by Order to Show Cause signed August 4, 2006 (Dkt. No. 499), is denied.

IT IS SO ORDERED.

September 14, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge